† INHABITANTS OF FREEDOM *versus* WEED.

A town can maintain no action against an individual for destroying a bridge, being part of one of their highways, which they were bound to keep in repair, until they have repaired it, or incurred some expense in consequence of the wrongful act.

ON EXCEPTIONS from *Nisi Prius*, TENNEY, J. presiding.

CASE against the defendant for taking up and destroying a bridge built by plaintiffs over a stream in said Freedom, being a part of one of the public highways in that town, and which the inhabitants were bound to keep in repair.

Evidence was introduced by plaintiffs in support of the allegations in their writ showing that defendant had broken up the bridge and fenced up the road, and that it would cost $250 or $300 to put the bridge and road in repair, as it was before the wrongful acts of the defendant.

There was no allegation in the writ that any repairs of the damages had been made by the town, or any money expended since, in consequence of the acts of defendant.

The presiding Judge, thinking it important to determine if plaintiffs could maintain an action upon the facts alleged and proved, on motion of defendant, ordered a nonsuit.

To this order plaintiffs excepted.

*Heath* and *A. T. Palmer*, for plaintiffs.

*N. Abbot*, for defendant, maintained that the nonsuit was rightly ordered. It was only where the town was put to expense in repairing the way or in removing the obstructions, or had paid damages to a traveler who had received an injury from the obstructions, that they could maintain an action for damages. 35 Maine, 247; 3 Fairf. 238; 12 Met. 182.

That the injury in this case was not to Freedom, in its corporate capacity, but the *whole* traveling public, and if any action could be maintained, it should be in the name of the public, and not in the name of a part of the public.

That there was no rule by which the damages could be assessed. There was no certainty the town would ever repair.

That plaintiffs were not the *owners* of the land over which the road passed, nor as a corporation did they own the easement. It was a *public* way.

Upon any recognized principle of law, the action could not be supported.

TENNEY, J. — The action is case for an alleged injury to a bridge, upon a county road, in the town of Freedom, no attempts having been made to repair the injury, and consequently no expense having been incurred by the town by reason thereof.

In the case of *Calais* v. *Dyer*, 7 Greenl. 155, which was a complaint under the statute, for flowing a road, and thereby doing an injury thereto by the defendant, the Court held the remedy sought to be inappropriate, and say, " the town is not seized of the land, covered by the road, and then by the water ; the land belongs to the original owner, his heirs and assigns, subject to the public easement, which has been impaired and damaged," " the easement is a public one, and it cannot be considered in a legal point of view, the town's easement or property," and though the easement belongs to the public, it is the duty of the town to preserve and continue it. The town, therefore, seems entitled to damages, by way of *reimbursement.*

In *Andover* v. *Sutton & als.*, 12 Met. 182, which was trespass on the case to recover expenses which the plaintiffs had incurred in repairing a highway, injured by being flowed by the defendants ; the Court said in the opinion, " it is a public highway, in which every citizen has an easement, and no one to the exclusion of another. The town, in the distribution of the public burdens, is bound to maintain that portion of the highway, which is within its territorial limits ; but in its corporate capacity, it neither owns the soil nor the easement." " But the town has sustained a damage in being compelled to repair the defect, caused in the road by the act of the defendants, in erecting their dam, and raising their head of water and overflowing the road." " By doing

the damage complained of, at the expense of the plaintiffs, who were compelled by law to repair the road, they are by force of the same law, liable to make good the damage, which the plaintiffs have sustained by their act."

In these cases, it is upon the ground that the towns had expended means in making repairs, which they were bound to make, that the cause of action against those, who caused the injury, arises. The actions are sustainable for the purpose of obtaining reimbursement.

The case of *Monmouth* v. *Gardiner*, 35 Maine 247, was an action at common law, for overflowing a public road, which the plaintiffs were bound to keep in repair. This case may at first seem to favor the proposition, that a right of action exists in such a case, by the mere fact, that the highway was injured by the acts of the defendant. But on examination, it will be found, that no such question was presented at the trial, and nothing appears, which shows, that the town had not repaired the injury before the institution of the suit. The legal questions raised in that action were upon other and very distinct facts from those presented in this case.

The question involved in this case is, whether a town can maintain an action for an injury to a highway therein, caused by an individual, without having been put to expense in any manner in consequence thereof. Roads are sometimes so little used, that they are suffered without complaint to remain for a long time, much out of repair, and no money has been appropriated by the town for their improvement. For a trifling injury on such a road, can the town maintain an action for damages, against the one who did it, when it has done nothing to restore it to the condition in which it was before the injury? If an obstruction was wrongfully or negligently placed in a highway by an individual, which caused a serious injury to another, and was then removed without the agency of the officers of the town, where it was placed, by making out the necessary proof in an action against the town, the injured party would be entitled to

damage. But if no claim were made by him against the town, it certainly could not maintain a suit against the individual, who caused the injury by the obstruction. The exposure of the town to expense is insufficient for the maintenance of an action in such a case. And it is apprehended that the exposure to pay a fine for the repair of a road, which has been damaged by an individual, can give no greater right to the town to sustain an action on account of such exposure. The town may neglect to repair the way, and it may not be called upon in any mode to incur the expense of restoring it to its former state. Being under no obligation by a contract to make repairs, it is not in a situation to call for the payment, until there has been something in the nature of a disbursement. *Exceptions overruled.*

RICE, J., concurred in the result only.